**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4258**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

GARRON MCMILLIAN,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:17-cr-00097-H-3)

Submitted: December 6, 2018               Decided: December 26, 2018

Before DUNCAN and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lynne L. Reid, LL REID LAW, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Based on a February 10, 2017, incident, the United States indicted Garron McMillian and James Spencer Bell on one count of possessing a firearm after being convicted of a felony, and aiding and abetting one another, in violation of 18 U.S.C. §§ 2 and 922(g)(1).[1] McMillian, who pled guilty without a plea agreement, now appeals his 51-month sentence, arguing that the district court procedurally erred by finding that he possessed the firearm in connection with another felony offense and consequently applying the four-level enhancement set forth in U.S.S.G. § 2K2.1(b)(6)(B). We affirm.

The uncontested evidence presented below establishes that on February 10, 2017, local law enforcement officers in Lumberton, NC, were executing a narcotics search warrant at a residence, when they observed Bell and McMillian arrive at an adjacent residence in a truck driven by Bell. Recognizing the officers' presence, Bell (with McMillian still in the truck) fled, driving at a high rate of speed and eventually off the road into an open field, where he attempted to flee on foot. The officers quickly apprehended Bell and found eight grams of marijuana and a digital scale on him. After ordering McMillian from the truck, officers found a stolen .45 caliber pistol inside. Officers also found another digital scale and a stolen .40 caliber pistol in the flight path of the truck, and they found 22 grams of crack cocaine in Bell's flight path on foot.

---

[1] The United States also indicted Bell, who was described as a "notorious drug trafficker," J.A. 57, on several other drug and firearm charges.

As noted, McMillian challenges the district court's application of U.S.S.G. § 2K2.1(b)(6)(B).[2] The sentencing guidelines are only advisory, but "improper calculation of a guideline range constitutes significant procedural error, making the sentence procedurally unreasonable and subject to being vacated." *United States v. Hargrove*, 701 F.3d 156, 161 (4th Cir. 2012). To assess whether a district court properly calculated the guideline range, including its application of any sentencing enhancements, we review the court's legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).

In pertinent part, § 2K2.1(b)(6)(B) provides for a four-level enhancement to the base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm (or facilitates another person's commission of an offense involving a firearm)." *United States v. Blount*,

---

[2] The probation officer who prepared McMillian's presentence report recommended that the district court apply the enhancement but noted that the advisory sentencing range would be 41-51 months without it. Over McMillian's objection, the court applied the enhancement and calculated the advisory range to be 51-63 months. Although the court denied McMillian's request for a downward variance, it did sentence him to the low end of the advisory range.

337 F.3d 404, 406 (4th Cir. 2003). We have explained that a defendant possesses a firearm "in connection with another felony offense" when the firearm facilitated, or had the potential of facilitating, the other offense, and this requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor. *United States v. McKenzie-Gude*, 671 F.3d 452, 463-64 (4th Cir. 2011). The commentary to § 2K2.1 specifically provides that a defendant possesses a firearm in connection with another felony "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating [that drug-trafficking] felony offense." U.S.S.G. § 2K2.1 cmt. n. 14(B).

In making his objection to the § 2K2.1(b)(6)(B) enhancement during the sentencing hearing, McMillian argued that he had no ownership interest in the truck, none of the drug contraband was found where he was a passenger, and there was no evidence that he knew Bell possessed any drugs. Although the district court asked McMillian's counsel why McMillian was in the truck with Bell, counsel could not offer a concrete answer; instead counsel simply described McMillian's relationship with Bell as a "boneheaded move." J.A. 55. After hearing argument from the government, the court overruled the objection, finding that McMillian's possession of a stolen firearm in the vehicle with Bell, "who was found with marijuana, cocaine, digital scales, [and] another firearm, is evidence that [McMillian] had reason to believe the firearm of the incident

4

offense would be used in connection with another felony offense as needed; to wit, a drug trafficking crime." J.A. 58.

On appeal, McMillian acknowledges that the record supports a finding that Bell was engaged in drug trafficking during the February 10, 2017, incident, but he reiterates his argument that there is insufficient evidence to connect him to Bell's activity. Having carefully reviewed the record in light of the controlling legal principles, we are satisfied that the district court did not clearly err in finding that McMillian possessed the firearm in connection with Bell's drug trafficking activity. It therefore follows that the court appropriately applied the § 2K2.1(b)(6)(B) enhancement.

Based on the foregoing, we affirm McMillian's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*